UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:　　　　　　　　　　Case No. 08-62370-pjs
　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　Judge: Shefferly

**Acts of Disciples Ministry**
**dba Acts Church International**

 Debtor-In-Possession
_____/

# DEBTOR'S FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT

## I. PLAN OF REORGANIZATION

**Acts of Disciples Ministry** ("Debtor") proposes the following plan of reorganization pursuant to Sections 1121 and 1123 of the Bankruptcy Code.

### ARTICLE I
### SUMMARY OF PLAN

This Plan of Reorganization provides for the continued operation of Debtor under existing management and ownership. Funds for the payment of the claims will come from the continued uninterrupted future operation of Debtor's business.

### ARTICLE II
### DEFINITIONS

As used in this Plan, the following terms shall have the meanings specified below, unless the context requires otherwise:

2.1. **Administrative Claim.** An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 U.S.C. §507(A) (1) and that is allowed under 11 U.S.C. §503.

2.2. **Allowed Claim.** A claim against, or Interest in, the Debtor to the extent that:

A. A Proof of Claim or Interest was:

1. Timely filed;

2. Deemed filed pursuant to §1111(a) of the Bankruptcy Code; or

3. Filed late with leave of the Bankruptcy Court after notice and an opportunity for hearing given to Debtor and counsel for Debtor.

B. The Claim is not a Contested Claim or a Contested Interest, or

C. The Claim or Interest is allowed (and only to the extent allowed) by a Final Order of the Bankruptcy Court.

2.3. **Ballot.** The official Bankruptcy Form No. 14 or similar document.

2.4. **Bankruptcy Code or Code.** The Bankruptcy Reform Act of 1978, as amended (11 U.S.C. §§101, et seq.).

2.5. **Court.** The United States Bankruptcy Court for the Eastern District of Michigan.

2.6. **Debtor.** Acts of Disciples Ministry.

2.7. **Effective Date of the Plan.** The date on which the Order of the Court confirming the Plan becomes final, non-appealable and not subject to stay.

2.8. **Estate.** The estate created under 11 U.S.C. §541 by reason of the commencement of the case.

2.9. **Impaired Claim.** A claim of which the legal, equitable or contractual rights of the holder are altered by the Plan.

2.10. **Plan.**  This Plan of Reorganization may be altered, amended, supplemented or modified from time to time.

2.11. **Term of Plan.**  A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been completed.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS

For purposes of this Plan of Reorganization, the claims of creditors and the equity holders of the Debtor are divided into the classes listed below.

### Class 1. Administrative Claims

a. Classification.  This class shall consist of any administrative claims incurred since the filing of the petition as allowed under 11 USC Section 507 (a) (1).  These claims include compensation for legal, financial and advisory fees in connection with the Chapter 11.  The estimated attorney fees are $6,000.00 including a $3000.00 retainer previously paid to Debtor's attorney.  These fees are subject to approval by the Court.  The U.S. Trustee's fees are also included in this class.  Debtor shall pay to the Trustee the appropriate sum required pursuant to 28USC Section 1930(a)(6) until the case is closed or converted or dismissed.  In addition, this class will include other creditors who have extended credit or financing during the pendency of the Chapter 11 proceeding and taxing authorities that have accrued but unpaid *post*-petition tax obligations.

b. Treatment.  Claims in this Group retain their administrative or priority status as set forth in the Code, notwithstanding confirmation of this Plan including, but not limited to claims after the effective date and in any subsequent proceeding under any Chapter of the Bankruptcy Code.

Each claimant in this Group shall be paid the full amount of its Allowed Claim no later than 30 days after the latest of (i) the Effective Date, (ii) the date by which payment would be

3

due in the ordinary course of business between the Debtor and such Administrative Creditor, or (iii) the date on which the Bankruptcy Court enters its Order, if necessary, allowing and approving the Debtor's payment of such Administrative Claim.

Upon the failure of the Debtor or Debtor's designee, including the disbursing agent, to make any payment due on any Claim in this Group which is not cured within 30 days after the mailing of a written Notice of Default by the Claimant, the Claimant may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from the Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the Debtor, Debtor in Possession or reorganized Debtor, which will revest upon confirmation of the Plan of Reorganization and all of Debtor's after-acquired property shall be property of the Chapter 7 estate.

No payment shall be made to any person or entity that has a Prepetition Administrative Claim that is (i) not allowed, (ii) that is a contested claim, (iii) asserts an unsecured claim which is contested. Any person with an Administrative Claim who fails to file an appropriate motion, application or Proof of Claim which references the Administrative Claim shall forever be stopped from asserting a right to have such claim paid as an Administrative Claim.

Debtor shall pay the quarterly fees to the United States Trustee's Office pursuant to U.S.C. §1930(a)(6) until such time as this case has been closed, converted, or dismissed.

## Class 2. Priority Unsecured Claims

a. Classification.  This class shall include the allowed priority unsecured claim of Hotz Catering & Rental in the amount of $1033.00 under 11 USC Section 507(a).

b. Treatment. The member of this class shall receive 100% of its allowed claim, without interest, in equal monthly installments within 60 months following the Effective Date of the Plan or according to the terms of any agreement between the parties, subject to Court approval. Payments will begin 90 days following the Effective Date of the Plan. The above payments shall be in complete satisfaction of any and all indebtedness due and owing to the Class 2 priority unsecured creditors.

c. Impairment. This class is impaired.

### Class 3. Unsecured Nonpriority Claims

a. Classification. This class shall consist of the allowed general unsecured claims of the Debtor pursuant to the filed proof of claims and creditors listed on Debtor's Schedules. The total amount owed to this class is estimated to be $17,932.74. A breakdown of the claims is as follows:

| **Creditor** | **Claim** |
| --- | --- |
| WFXL-AM RADIO 6379 | $1158.00 |
| DTE ENERGY | $9345.24 |
| VERIZON WIRELESS MIDWEST | $3059.01 |
| AT &T | $400.00 |
| CHEX SYSTEMS | $770.49 |
| LEW DEERING | $3200.00 |

b. Treatment. This class shall receive a 100% of the allowed claims in equal monthly installments of $314.61, without interest, within 60 months from the Effective Date of the Plan or according to the terms of any agreement between the parties, subject to Court approval. Payments will begin 90 days following the Effective Date of the Plan. The above payments shall

5

be in complete satisfaction of any and all indebtedness due and owing to the Class 3 unsecured creditors.

c. Impairment. This class is impaired.

## Class 4. Claim of Equity Shareholder

Classification. This class shall consist of Mr. Smith who will retain his equity interest in Debtor subject to the provisions of the Plan of Reorganization. Mr. Smith shall be vested with the property of the estate upon confirmation of the Plan of Reorganization, subject to the liens and rights of the above-mentioned creditors.

## DISCLOSURE STATEMENT
## I. DESCRIPTION OF DEBTOR

A. Debtor is an ecclesiastical non-profit corporation ("Church") incorporated on February 23, 1995. Debtor proposes to reorganize and continue operating its business.

B. Mr. Gerald Smith is the sole owner of the Church. He is also its current pastor, having served the congregation and community for over 13 years.

C. In 2006, Debtor relocated from Harper Woods, Michigan, to it current location in Detroit, Michigan, due to the sale of the premises in Harper Woods by the owner. Debtor was forced to move because the owner of the Debtor's premises Due to the move, there has been a substantial decline in the size of its congregation from 40 members to about 15, drastically decreasing the amount of financial contributions received by Debtor. As a result, Debtor was unable to meet its operating costs. Debtor was compelled to file bankruptcy to stop DTE from shutting down the utilities. As awareness of the Debtor's new location grows, Debtor is confident that its membership will remain stable, and even increase, providing an uninterrupted flow of financial contributions.

## II. POST-PETITION EVENTS OF SIGNIFICANCE

A. There have been no post-petition transfers of significance other than in the ordinary course of business.

B. Debtor owns equipment, fixtures, and supplies with a fair market value estimated at approximately $30,000:00 and a forced sale value of approximately $15,000.00.

C. Debtor does not have any claims or causes of action, including claims against insiders and avoidance actions.

## III. LIQUIDATION ANALYSIS

I. Valuation of Assets and Amount(s) Secured Claims in Relation Thereto (as of January 11, 2009)

The market value of the assets is based on the age of the property and how much similar items sell for on the internet. The forced sale value is half of the market value based on the assumption that the assets would be auctioned off generating significantly fewer proceeds than a market sale.

| Description of Collateral | Creditor w/lien | Market Value Forced Sale Value | Amount of Secured Claims | Equity |
|---|---|---|---|---|
| Supplies, Equipment& Fixtures | None | $30,000(M) $15,000(F) | 0 0 0 | $30,000 $15,000 |
| Security Deposit With Landlord | | $900.00 | 0 | $900.00 |
| Inventory | None | 0 | 0 | 0 |
| Cash | None | 0 | 0 | 0 |
| Vehicles | None | 0 | 0 | 0 |

Total equity if fair market value used = $30,900.00.
Total equity if forced sale value used=$15,900.00

II. Proceeds of Assets
(before deducting amount
of secured claims)
Estimated=$15,900 (FS)

Liquidation Amount(s)

Supplies, Fixtures

  & Equipment     =15,000.00

Security Deposit  
With Landlord     =900.00

Total     =15,900.00

III. Claims

Estimated Amount(s)  
(a) Secured Claims  
List separately and total  
Total     =$0

(b) Administrative Expenses

| | |
|---|---|
| United States Trustee Fees | 3,000.00 |
| Debtor's Attorneys | 6.000.00 |
| Debtor's Financial Advisors and Accountants | 0 |
| Appraiser and other professionals | 0 |
| Unsecured Creditors' Committee/Counsel | |
| Post-petition Trade Payables | 300.00 (advertizing) |
| Post-petition Rent Payable | 3,920.00 |
| Post-petition Accrued Payroll | 0 |
| Post-petition Taxes Payable | |
|     Payroll Taxes | 0 |
|     Other Taxes | 0 |
| Insurance | 750.00 |
| Automobiles/Trash | 0 |
| Utilities | 1,400.00 |
| Repairs/Maintenance | 100.00 |
| Supplies/Office Expenses | 480.00 |
| Bank/Credit Card obligations | 0 |

Total $     **15,950.00**

(c) Pre-petition Unsecured Priority Claims  
Priority Claims Consisting Of:  
    Hotz     1,033.00.

(d) **Total Secured, Administrative and Pre-Petition Priority Claims**     **16,983.00**

IV. Distribution of Proceeds of  
    Assets in the Event of Liquidation  
(a) Gross Proceeds Available from

9

| | |
|---|---|
| Liquidation of Assets | 15,900.00 |
| (b) Less Total of: | |
| Secured Claims $ | 0 |
| Administrative Expenses $ | 15,950.00 |
| Priority Claims $ | 1033.00 |
| Pre-petition Unsecured $ | 17,932.74 |
| | |
| Total $ | 34,915.74 |

(c) Net Proceeds
Proceeds Available to Pre-petition Unsecured
Creditors (including deficiency claims) (all of which
total $ ) i.e., the difference between IV. (a)
and (b) above $  **19,015.74 (deficiency)**
(d) % Available to Pre-petition Unsecured Creditors % 0
(e) Proceeds Available for Equity Interests $ 0

Based upon the Liquidation Analysis set forth above, the Debtor believes that liquidation would result in a substantially smaller distribution to every class of its creditors than the proposed treatment set forth in the Plan.

10

08-62370-pjs    Doc 29    Filed 03/16/09    Entered 03/16/09 23:38:13    Page 10 of 16

## IV.  IMPLEMENTATION OF THE PLAN

Debtor reasonably believes that that its future operations will provide sufficient funds to satisfy its obligations under the Plan.  To the extent that additional funds are necessary, Debtor shall seek donations from its parishioners and/or other third parties such as community organizations.  If necessary, Debtor may, in its sole discretion, sell assets, use personal sources, seek or obtain refinancing from either a lending institution or from other sources in an effort to meet its obligations under the Plan.

A summary of Debtor's financial information for the three years pre-petition is attached as <u>Exhibit A</u>.

A summary of Debtor's financial information for post-petition to date is attached as <u>Exhibit B</u>.

A monthly summary of Debtor's projected plan payments beginning May 2009 through April 2013, is based on anticipated gross receipts and expenditures by Debtor and is attached as <u>Exhibit C</u>.

Debtor anticipates an increase in its membership by 3% annually with a corresponding increase in its revenues and expenses due to marketing efforts. This increase is based upon current market conditions, historical growth and anticipated growth.  The projections are based on the following reasonable assumptions:

(a) In the last 5 years, Debtor's membership has increased from 11 to 20 parishioners.

(b) Debtor will market its services online by creating a website, using online search engines, and providing for online donations.

(c) Debtor will expand its services, (e.g., marriage services to nonmembers, an online business directory, and visitation to local hospitals and nursing homes).

(d) Debtor will charge a small fee for services provided to nonmembers.

11

(e) Debtor will continue to operate from its current location providing stability and uninterrupted services to its members.

(f) At or prior to filing bankruptcy, Debtor has curtailed its expenses by eliminating its radio advertising and reducing its staff.

Mr. Smith will continue to be in charge of the business and serve as Pastor. He will not receive any compensation until all debts are fully satisfied according to the plan of reorganization.

Due to Debtor's status as a nonprofit entity, there will be no tax on the business.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor assumes its property lease with Lew Deering for its business at its current location at 13461 Mt Elliott, Detroit, MI 48212. Any other executory contracts or unexpired leases not previously assumed or rejected are hereby expressly rejected. Any claims for damages resulting from such rejection shall be included in Class 2.

## VII. JURISDICTION OF THE COURT

This Court shall retain jurisdiction in this matter until the Plan has been fully consummated.

## VIII. VOTING PROCEDURES

A. Voting procedures

Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes of claims, or equity interest, that are impaired under the plan.

Accordingly, classes of claims or interests that are not impaired are not entitled to vote on the plan.

Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots.

Votes on the plan will be counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities other than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or which are allowed by Court order). However, any vote by a holder of a claim will not be counted if such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3018.

Voting on the plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the plan, and then return the ballot by mail to the debtor's attorney by the deadline previously established by the court.

Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.

A ballot that is not received by the deadline will not be counted.
If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to the debtor's attorney.

13

08-62370-pjs    Doc 29    Filed 03/16/09    Entered 03/16/09 23:38:13    Page 13 of 16

B. Acceptance

The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than one half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.

C. Confirmation

11 U.S.C. § 1129(a) establishes conditions for the confirmation of a plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.

Among the several conditions for confirmation of a plan under 11 U.S.C. § 1129(a) are these:

1. Each class of impaired creditors and interest must accept the plan, as described in paragraph VI.B., above.

2. Either each holder of a claim or interest in a class must accept the plan, or the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code

D. Modification

Debtor reserves the right to modify or withdraw the plan at any time before

confirmation. After the Confirmation Hearing, the Debtor may, with leave of the Court, and upon notice and opportunity for hearing to the affected creditors, remedy any defect or omission, reconcile any inconsistencies in the Plan or in the Order of Confirmation or otherwise modify the Plan to:

(1) increase or reduce the amount of payments under the Plan on claims of a particular class, or
(2) extend or reduce the time period for such payments, or
(3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

E. Effect of confirmation

If the plan is confirmed by the Court:

     1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.

     2. Except as provided in the plan:

(a) As the Debtor proposes is reorganizing and continuing business:

     (1) All claims and interests will be discharged.

     (2) Creditors and shareholders will be prohibited from asserting their claims against or interest in the debtor or its assets.

     ACTS OF DISCIPLES MINISTRY
     DEBTOR

     /s/ Gerald Smith
     BY GERALD SMITH, OWNER

15

08-62370-pjs    Doc 29    Filed 03/16/09    Entered 03/16/09 23:38:13    Page 15 of 16

March 14, 2009

/s/ Anita Rao
ANITA RAO P62061
REDD & RAO, PLC
ATTORNEYS FOR DEBTOR
2000 TOWN CENTER, SUITE 1900
SOUTHFIELD, MI 48075
(248) 351-9787